UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ADAM DEVELOPERS ENTERPRISES, INC.,  :
                                    :
              Petitioner,           :
                                    :    **MEMORANDUM AND ORDER**
      -against-                     :    13-CV-261 (DLI)(RML)
                                    :
ARIZON STRUCTURES WORLDWIDE, LLC,   :
                                    :
              Respondent.           :
------------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

On January 8, 2013, Petitioner Adam Developers Enterprises, Inc. ("ADE") filed the instant action against Respondent Arizon Structures Worldwide, LLC ("Arizon") in New York State Supreme Court, Queens County, seeking a stay of arbitration proceedings initiated by Arizon against ADE. (*See* Petition for Stay, Index No. 385-13, ("Petition" or "Pet."), Dkt. Entry No. 1-2.) On January 15, 2013, Arizon timely removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). On January 26, 2013, ADE moved for remand, contending that this Court lacks subject matter jurisdiction as the amount in controversy threshold for a diversity action is not satisfied. (*See generally* ADE's Memorandum of Law in Support of Motion to Remand ("ADE's Mem."), Dkt. Entry No. 9-4.) Arizon opposes ADE's motion. (*See generally* Arizon's Memorandum of Law in Opposition to Remand ("Arizon's Opp'n"), Dkt. Entry No. 12.) For the reasons set forth below, the motion is denied.

## BACKGROUND

On November 2, 2011, ADE contracted with the Dormitory Authority of the State of New York ("DASNY") to renovate the Queens College Tennis Facility. (Demand for Arbitration ("Demand for Arb."), attached as Ex. 1 to the Affidavit of Peter L. Altieri

("Altieri Aff."), Dkt. Entry No. 11-1 at 2.) ADE subcontracted with Arizon to manufacture the fabric material for the enclosure around the facility. (Arizon's Opp'n at 2.) As set forth in the agreement between the parties: "Buyer shall pay all Seller's attorney fees and collection expenses in the event Buyer is in breach of the Terms of Payment or any other provision of these Terms and Conditions of Sale." (ADE-Arizon Agreement, attached as Ex. 1 to Demand for Arb. ¶ 3.) On July 13, 2012, Arizon billed ADE $279,406, of which ADE paid $230,000. (Arizon's Opp'n at 2.)

Arizon filed a mechanic's lien for the remainder it was owed, which was $49,406. (*Id.*) When DASNY learned about the lien, DASNY withheld from ADE's final payment "one and one-half times the amount stated in the lien until the lien is satisfied or discharged." (*Id.*) On December 17, 2012, Arizon commenced arbitration against ADE through the American Arbitration Association ("AAA"). (*Id.*) Arizon sought $49,406, arbitration costs, and attorneys' fees. (Demand for Arb. at 1.) Shortly thereafter, ADE filed its action in Queens County Supreme Court seeking a stay of the AAA arbitration and a discharge of the lien against it. (*See generally* Pet.) Because ADE alleged that the payment and performance bonds issued on behalf of Arizon were fraudulent, the court ordered Arizon to provide more information on the bonds and the company through which they were issued. (Declaration of Gary Rosen ("Rosen Decl."), Dkt. Entry No. 9-1 ¶¶ 17-18.) The court granted a temporary restraining order staying the AAA arbitration and scheduled a hearing for opposition to the Order to Show Cause. (*Id.* ¶¶ 14-15.)

Days later, on January 15, 2013, Arizon filed a Notice of Removal to this Court. (*Id.* ¶ 4.) On January 21, 2013, ADE sent Arizon a safe harbor letter, pursuant to Federal Rule of Civil Procedure 11, offering Arizon the opportunity to voluntarily remand the

2

action to state court, which Arizon declined. (*Id.* ¶ 9.) In connection with the litigation concerning remand, Arizon has submitted affidavits from its counsel (located in Missouri and New York), setting forth the fees that Arizon incurred from its efforts to collect the $49,406 from ADE, as well as bills and contemporaneous timesheets. (*See generally* Affidavit of Duane L. Coleman ("Coleman Aff."), Dkt. Entry No. 23; Affidavit of David J. Clark ("Clark Aff."), Dkt. Entry No. 22.) According to these documents, Arizon had incurred approximately $38,000 in attorneys' fees by the date of removal. (Altieri Aff. ¶ 9; *see also* Coleman Aff. ¶ 11; Clark Aff. ¶¶ 7-9.)

## DISCUSSION

### I.   Removal Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *James v. Gardner*, 2004 WL 2624004, at *1 (E.D.N.Y. Nov. 10, 2004) (citing *In re NASDAQ Market Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996)). The burden of proving that the Court has removal jurisdiction rests upon the party asserting jurisdiction. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F. 3d 298, 301 (2d Cir. 1994). Under 28 U.S.C. § 1447(c), an action removed to federal court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." On a motion for remand, the removing defendant

"bears the burden of demonstrating the propriety of removal." *California Public Employees' Retirement Sys. v. Worldcom, Inc.*, 368 F. 3d 86, 100 (2d Cir. 2004) (citations omitted).

## II. Calculation of Amount in Controversy

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a). "In a removal case in which the jurisdictional amount is controverted, the defendant has the burden of proving that it appears to 'a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Houston v. Scheno*, 2007 WL 2230093, at *3 (E.D.N.Y. July 31, 2007) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F. 3d 291, 296 (2d Cir. 2000)). "To determine whether that burden has been met, [courts] look first to the [plaintiff's] complaint and then to [the defendant's] petition for removal." *Mehlenbacher*, 216 F. 3d at 296. "Jurisdictional facts, such as the amount in controversy are evaluated 'on the basis of the pleadings, viewed at the time when defendant files the notice of removal.'" *Houston*, 2007 WL 2230093, at *3 n.3 (quoting *Blockbuster, Inc. v. Galeno*, 472 F. 3d 53, 56-57 (2d Cir. 2006)).

Because the perspective of the plaintiff controls in removal, the amount in controversy is calculated from the plaintiff's standpoint, based on "'the value of the suit's intended benefit' or the value of the right being protected or the injury being averted . . . when damages are not requested." *Kheel v. Port of New York Auth.*, 457 F. 2d 46, 49 (2d Cir. 1972) (citing *Massachusetts State Pharmaceutical Ass'n v. Federal Prescription*

*Service*, 431 F. 2d 130 (8th Cir. 1970). Courts in the Second Circuit "decline to permit the defendant's counterclaim to be considered in determining the amount in controversy" in removal actions. *Home Ins. Co. v. Leprino Foods Co.,* 2002 WL 1315599 at *2 (S.D.N.Y. June 14, 2002). Attorneys' fees are generally excluded from the calculation of the amount in controversy for diversity jurisdiction, unless they are recoverable as a matter of right pursuant to a contract or a statute. *See Givens v. W.T. Grant Co.*, 457 F. 2d 612, 614 (2d Cir. 1972), *vacated on other grounds*, 409 U.S. 56 (1972); *see also In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 166 F. Supp. 2d 740, 755-56 (E.D.N.Y. 2001).

### III.  Value of ADE's Claim

Petitioner's case in the Queens County Supreme Court sought to: (1) vacate the lien filed by Arizon against ADE's final payment from DASNY; and (2) stay the AAA arbitration proceeding between the parties. ADE asserts that, when considering the amount in controversy from its perspective, the requirement is not met as the lien against it is for $49,406 and the amount sought by Arizon in the AAA arbitration is the same. This argument fails to account for Arizon's attorneys' fees, which are properly before this Court under the circumstances of this case. In the ADE-Arizon Agreement, ADE (the buyer) agreed to pay attorneys' fees and other costs associated with collection efforts, should Arizon (the seller), need to engage counsel for such services. (ADE-Arizon Agreement ¶3.) In the AAA arbitration, Arizon sought attorneys' fees in addition to the amount in dispute under the contract, as well as the AAA arbitration fee. (Demand for Arb. at 1.) Arizon submitted evidence that supports a finding that it has incurred roughly $38,000 in attorneys' fees for its efforts to collect the disputed amount. (Altieri Aff. ¶ 9;

Coleman Aff. ¶ 11; Clark Aff. ¶¶ 7-9.) Whether Arizon prevails in the AAA arbitration or not, the total amount at issue in that arbitration is $89,106, which consists of the $38,000 in attorneys' fees, the $49,406 disputed payment, and the $1,700 AAA arbitration fee. If ADE were to prevail on its action to stay the AAA arbitration, ADE would benefit by protecting itself from a potential award of damages of $89,106. In the Second Circuit, "[w]here the plaintiff seeks injunctive relief, the value of his claim is generally assessed with reference to the right he seeks to protect and measured by the extent of the impairment to be prevented by the injunction." *A.F.A. Tours, Inc. v. Whitchurch,* 937 F. 2d 82, 87 (2d Cir. 1991). Thus, in evaluating the amount in controversy in this action from ADE's perspective, the amount in controversy requirement is satisfied as ADE has the potential to protect itself from an award of damages in excess of the threshold amount. As such, defendant has satisfied the monetary threshold necessary for the exercise of this court's diversity jurisdiction and the motion for remand is denied.

## CONCLUSION

For the reasons set forth above, ADE's motion to remand is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2013

                                                    /s/
                                    DORA L. IRIZARRY
                                 United States District Judge