UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ADAM DEVELOPERS ENTERPRISES, INC., :
:
                    Petitioner, :
: **MEMORANDUM AND ORDER**
          -against- : 13-CV-261 (DLI)(RML)
:
ARIZON STRUCTURES WORLDWIDE, LLC, :
:
                    Respondent. :
------------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

      On January 8, 2013, Petitioner Adam Developers Enterprises, Inc. ("Adam") initiated a suit against Respondent Arizon Structures Worldwide, LLC ("Arizon") in New York State Supreme Court, Queens County, by filing a "Petition for Stay" of arbitration proceedings between Adam and Arizon and to challenge the validity of a mechanic's lien Arizon obtained against Adam. (*See* Petition for Stay, Index No. 385-13, ("Petition" or "Pet."), Dkt. Entry No. 1-2.) On January 15, 2013, Arizon removed the action to this Court, which removal this Court previously ruled was proper. (*See* Sept. 30, 2013 Memo. & Or., Dkt. Entry No 27.)

      Arizon now moves for dismissal, or, alternatively, to stay this action pending resolution of the parties' dispute before the arbitrators. (*See* Mem. of Law in Supp. of Arizon's Mot. to Dismiss ("Arizon's Mem."), Dkt, Entry No. 30.) Adam opposes dismissal, contending that the validity of the mechanic's lien is outside the scope of the arbitrators' authority and, thus, is properly before this Court. (*See* Adam's Mem. of Law in Opp'n to Arizon's Mot. To Dismiss ("Adam's Opp'n"), Dkt. Entry No. 32.) For the reasons set forth below, Arizon's motion to dismiss is denied. Arizon's motion to stay this action during the arbitration is granted. This action is closed without prejudice to its reinstatement at the conclusion of the arbitration, should Adam desire to litigate the validity of the mechanic's lien at that time.

## BACKGROUND

Unless otherwise noted, the facts are taken from the pleadings and are assumed true for purposes of resolution of Arizon's motion. On November 2, 2011, Adam contracted with the Dormitory Authority of the State of New York ("DASNY") to renovate the Queens College Tennis Facility. (Pet. ¶ 3.) Adam subcontracted with Arizon to manufacture fabric material for the enclosure around the Tennis Facility. (Pet. ¶¶ 6-8.) At the conclusion of Arizon's work, Adam withheld a portion of the payment Arizon was due under the contract. Shortly thereafter, Arizon obtained a mechanic's lien against Adam for the unpaid balance. (Pet. ¶ 25.)

Arizon then commenced an arbitration proceeding against Adam through the American Arbitration Association ("AAA") pursuant to the arbitration provision in the parties' contract. (Pet. ¶ 15.) Adam sought a stay of the arbitration and a discharge of the mechanic's lien imposed against it in the New York State Supreme Court, Queens County. (*See generally* Pet.) Because Adam alleged that the payment and performance bonds that Arizon was contractually required to procure were fraudulent, the court ordered Arizon to provide more information on the bonds and the company through which they were issued. (Declaration of Gary Rosen ("Rosen Decl."), Dkt. Entry No. 31 ¶ 12.) Additionally, the court granted a temporary restraining order staying the arbitration and scheduled a hearing on an Order to Show Cause. (Pet. ¶ 11.) A few days later, Arizon removed the action to this Court. Arizon's motion to dismiss or to stay this litigation is before this Court.

## DISCUSSION

I. **Legal Standards for Dismissal**

   A. **Rule 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "lack of subject-matter jurisdiction." In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true all factual allegations in the complaint; however, it should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F. 3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F. 3d 635, 638 (2d Cir. 2005). In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings. *Arar v. Ashcroft*, 532 F. 3d 157, 168 (2d Cir. 2008) (citing *Makarova*, 201 F. 3d at 113).

   B. **Rule 12(b)(6)**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

## II. Federal Arbitration Act ("FAA")

"The FAA creates a 'body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA].'" *Mehler v. Terminix Int'l Co. L.P.*, 205 F. 3d 44, 47 (2d Cir. 2000) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). "The FAA is an expression of 'a strong federal policy favoring arbitration as an alternative means of dispute resolution.'" *Ross v. American Exp. Co.*, 547 F. 3d 137, 142 (2d Cir. 2008) (quoting *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F. 3d

219, 226 (2d Cir. 2001)). Indeed, "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy [the Second Circuit has] often and emphatically applied." *Arciniaga v. General Motors Corp.,* 460 F. 3d 231, 234 (2d Cir.2006) (quotation marks omitted). However, the Circuit has clarified that a "party may be compelled to arbitrate a dispute only to the extent he or she has agreed to do so." *Bimota Spa v. Rousseau*, 628 F. Supp. 2d 500, 503 (S.D.N.Y. 2009) (citing *Bell v. Cendant Corp.,* 293 F. 3d 563, 566-67 (2d Cir. 2002)).

The FAA provides that "an agreement in writing to submit to arbitration an existing controversy arising out of . . . a contract, transaction, or refusal [to perform the whole or any part thereof], shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA authorizes the Court to compel arbitration, if the parties have entered into an agreement to arbitrate and one party refuses to honor that agreement. *See id.* § 4. When a party moves to dismiss or to stay proceedings and compel arbitration, courts must determine whether: (1) the parties agreed to arbitrate; (2) the dispute falls within the scope of the arbitration agreement; (3) Congress intended the federal statutory claims asserted by plaintiff, if any, to be nonarbitrable; and (4) the court should stay the balance of the proceedings pending arbitration, if not all claims are arbitrable. *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F. 3d 163, 169 (2d Cir. 2004) (quoting *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F. 3d 72, 75-76 (2d Cir. 1998)).

It does not appear that the first factor—whether the parties agreed to arbitrate—is in dispute. Although Adam initially contended that the contract lacked an arbitration provision (Pet. at ¶¶ 9-11, 14), since then, Adam has conceded that the parties are obligated to arbitrate issues arising out of their contract (*see* Adam's Opp'n at 4).

Any residual argument to the contrary is unfounded. The "Terms and Conditions" included an arbitration clause (*see* Arizon Quote, attached as Exh. A. to the Affidavit of Peter L. Altieri ("Altieri Aff."), Dkt. Entry No. 29), and the contract incorporated the "Terms and Conditions" by reference (*see* Adam-Arizon Contract, attached as Exh. B. to the Altieri Aff.) To incorporate a document by reference, New York law requires that the document be referenced beyond all reasonable doubt. *See Chiacchia v. Nat'l Westminster Bank USA*, 124 A.D. 2d 626, 628 (2d Dep't 1986) (citation omitted). When a contract clearly identifies a single document, it eliminates all reasonable doubt and, thus, qualifies as an effective incorporation. *See Progressive Casualty Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela,* 991 F. 2d 42, 47 n.8 (2d Cir. 1993). "[A] party's failure to read a duly incorporated document will not excuse the obligation to be bound by its terms." *PaineWebber Inc. v. Bybyk*, 81 F. 3d 1193, 1201 (2d Cir. 1996) (citation omitted). Notably, the parties' contract stated that "[a]ll other Terms and Conditions of [Arizon's] Quote . . . are incorporated herein by reference . . . ." (Adam-Arizon Contract at 5.) Arizon's Terms and Conditions included the arbitration clause. (Arizon Quote at 3.) Under these circumstances, the Court concludes that the arbitration clause is valid and binding. *See Serrano v. Cablevision Sys. Corp.*, 863 F. Supp. 2d 157, 164-65 (E.D.N.Y. 2012) (finding that the "Terms of Service" were part of a contract as the contract specifically stated that the "Terms of Service" were incorporated by reference). Thus, the first factor weighs in favor of arbitration.

However, the gist of Adam's current argument is that the validity of the mechanic's lien falls outside the scope of the arbitration provision, and thus, should be litigated before this Court and not the arbitrators. (*See* Adam's Opp'n at 4.) Accordingly, the Court will focus on the second factor—whether the dispute falls within the scope of the arbitration clause.

The parties' contract contains the following term:

> Any controversy or claim arising out of or relating to payment, or to Seller's Submittal, Buyer and Seller's Contract, including these Terms and Conditions of Sale, or any other matter, shall be settled exclusively by arbitration administered by the American Arbitration Association (AAA) under its Construction Industry Arbitration Rules in St. Louis County, Missouri, and Buyer and Seller hereby waive any appeal from the arbitration award and consent to the confirmation and entry of judgment thereon with or without notice in any court having jurisdiction over either Buyer or Seller.

(Arizon Quote at 3.) It is not clear whether the validity of a mechanic's lien falls within the scope of this arbitration provision. Moreover, neither party has provided the Court with any authority as to whether such a standard arbitration provision provides arbitrators with the authority to determine the validity of a mechanic's lien, and the Court has been unable to locate any such authority. Thus, the second factor weighs in favor of staying this action as there is no precedent indicating that the arbitrators would have the authority to determine the validity of the mechanic's lien.

Adam's Petition does not assert any federal claims. Thus, the third factor has no bearing on the Court's analysis.

Finally, the fourth factor directs the Court to stay its proceeding if the Court determines, as it has, that not all claims are arbitrable. Indeed, as Arizon noted, and the Court has confirmed, "numerous New York [courts] . . . have recognized that proceedings seeking to discharge or foreclose a mechanic's lien should be stayed pending the outcome of an arbitration to determine contractual issues such as the amount due and owing under a construction contract." (Arizon's Reply Mem. of Law ("Arizon's Repl. Mem."), Dkt. Entry No. 35 at 2-3.) The cases that have addressed this issue imply that granting a stay is the proper course of action. *Cf. Orchard Hotel, LLC v. D.A.B. Group, LLC*, 2014 WL 1190198, at *11 (Sup. Ct. N.Y. Cnty. Mar. 21, 2014)

7

(explaining that an "arbitrator's decision as to the value of labor is conclusive as to all parties to the arbitration" in any subsequent proceeding to foreclose the mechanic's lien); *A. Burgart, Inc. v. Foster-Lipkins Corp.*, 63 Misc. 2d 930, 931 (Sup. Ct. Monroe Cnty. 1970) (granting motion to stay a lien proceeding while the parties arbitrate their underlying dispute as the parties were required to arbitrate under the "all-inclusive arbitration clause" contained in the contract). Accordingly, this action is stayed pending the parties' arbitration of the contractual dispute. This action is closed without prejudice to its reinstatement, should Adam desire to litigate the validity of the mechanic's lien at the conclusion of the arbitration.

## CONCLUSION

For the reasons set forth above, Arizon's motion to dismiss is denied. Arizon's motion to stay this action pending arbitration is granted. This action is closed without prejudice to its reinstatement, should Adam desire to litigate the validity of the mechanic's lien at the conclusion of the arbitration.

SO ORDERED.

Dated: Brooklyn, New York
      September 29, 2014

                                                /s/
                                     DORA L. IRIZARRY
                                  United States District Judge